UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATLANTIC MUTUAL INSURANCE COMPANY,

Plaintiff

-v-

No. 99 Civ. 3176 (LTS)(JCF)

POLAR AIR CARGO, LTD., EMO-TRANS
GmbH, EMO-TRANS, INC., and ALL PRO
AIR DELIVERY, INC.,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/04/06

ORDER

Plaintiff Atlantic Mutual Insurance Company ("Plaintiff"), suing as subrogee of Krause Printing Techniques International, Inc. ("Krause America"), brings this action against Emo-Trans GmbH and Emo-Trans, Inc. (collectively "Emo"), and Polar Air Cargo ("Polar") and All Pro Air Delivery, Inc., for damage to a laser printer that allegedly occurred during shipment from Germany to the United States. This Court previously granted summary judgment for Defendants Emo-Trans GmbH and Emo-Trans, Inc. by Order dated August 14, 2003. The Court then granted Polar Cargo's application for leave to move for summary judgment by Order dated September 24, 2003. By letter dated April 2, 2004, prior to the full briefing of the motion for summary judgment, counsel for Polar informed the Court that Polar had filed for bankruptcy, and the matter was accordingly placed on the Court's suspense docket, with counsel to file semi-annual letters with the Court detailing the status of the bankruptcy proceedings. By letter dated January 7, 2005, counsel for Polar informed the Court that Polar had been discharged and released

in the reorganization proceedings. Plaintiff and Polar disagreed as to whether the bankruptcy proceedings had abated Plaintiff's claim against Polar and, with the permission of the Court, Polar filed reply papers addressing the issues raised in its initial motion, thus completing the briefing of its motion pursuant to Federal Rule of Civil Procedure 56 for summary judgment dismissing the complaint.

Summary judgment shall be granted in favor of a moving party where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing the absence of any genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The non-moving party then must meet a burden of coming forward with "specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), by "a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., v. Catrett, 477 U.S. 317, 322 (1986). See also Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990), quoting Fed. R. Civ.P. 56(e); National Union Fire Ins.Co. v. Turtur, 892 F.2d 199, 203 (2d Cir.1989).

Plaintiff submitted an Affidavit in opposition to Defendant's motion for summary judgment but has failed to raise any genuine issue of material fact and its legal argument in opposition to the motion is meritless. The Court finds that Plaintiff has no standing to sue Polar, for substantially the same reasons set forth in the Court's Order of August 14, 2003, granting defendant Emo's motion for summary judgment. Defendant Polar's motion for summary

judgment is therefore granted.

Plaintiff shall, by August 28, 2006, file with the Court (with courtesy copies to Magistrate Judge Francis and the undersigned) a statement as to whether it intends to continue to pursue this action as against the remaining defendant, All Pro Air Delivery, Inc.

SO ORDERED.

Dated: New York, New York
August 4, 2006

/s/ LAURA TAYLOR SWAIN
United States District Judge